UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LESLIE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-224-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARTIN O'MALLEY, | ) | **MEMORANDUM ORDER** |
| Commissioner of Social Security[1], | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Plaintiff Leslie Mitchell's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Record No. 13] Mitchell's motion will be granted because he is the prevailing party in this action and otherwise has satisfied all requirements for obtaining payment of fees under the EAJA.

Mitchell filed a Complaint on July 26, 2023, alleging that the ALJ's decision was not supported by substantial evidence and was contrary to applicable law. [Record No. 1] After Mitchell filed a brief in support of his position [Record No. 8], the Commissioner tendered an unopposed motion conceding that the matter should be remanded to the agency for further consideration. [Record No. 10] The Court granted the Commissioner's motion the following day. [Record No. 11]

---

[1] As noted in the defendant's response [Record No. 14], O'Malley became Commissioner of Social Security on December 20, 2023. Therefore, he is substituted as the named defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Mitchell's counsel filed his motion for attorney's fees under the EAJA on December 31, 2023, seeking fees in the amount of $3,118.50. This request is based on 13.2 hours of attorney work performed at a rate of $236.25 per hour. The Commissioner has filed a response, notifying the Court that he does not oppose the amount of fees requested. [Record No. 14]

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." § 2412(d)(2)(A). A party seeking an award of fees and expenses must submit an application within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)). The party also must allege that the United States' position was not substantially justified. *Id.*

Mitchell has satisfied these requirements. He is a prevailing party based on the remand under sentence four of 42 U.S.C. § 405(g). *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA"). He is eligible to receive an award under the EAJA because his "net worth did not exceed $2,000,000 at the time the civil action was filed." *See* § 2412(d)(2)(B). Next, attorney House has provided an itemized account of the time he expended on this case. Finally, the

plaintiff's application alleges that the position of the United States was not substantially justified.

The claimed number of hours is consistent with what would be expected in this case and, therefore, is reasonable and compensable under the EAJA. The plaintiff also has provided affidavits of other practicing attorneys within this district indicating that the requested rate is within the prevailing market rate in the Eastern District of Kentucky. *See Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491 (6th Cir. 2021) (finding a range of comparable hourly market rates between $205 and $500). Accordingly, the plaintiff will be awarded attorney's fees in the amount requested.

It is unclear whether Mitchell owes any debt that is subject to a government offset and the United States has not waived the requirements of the Anti-Assignment Act. Accordingly, the award will be payable to the plaintiff. *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 447-48 (6th Cir. 2009).

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion for attorney fees and costs [Record No. 13] is **GRANTED**, to the extent that Plaintiff Leslie Mitchell is awarded $ 3,118.50 under the Equal Access to Justice Act.

2. If the Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, the EAJA fees may be made payable to the plaintiff's attorney. However, if the Commissioner determines that there is a debt owed under the Treasury Offset

Program, the remaining EAJA fees (after offset) may be paid by check made out to the plaintiff but delivered to the plaintiff's attorney.

Dated: January 3, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky